UNITED STATES of America,
Petitioner–Appellee,

v.

Craig O. COPLEY,
Respondent–Appellant.

No. 90–6649.

United States Court of Appeals,
Fourth Circuit.

Argued March 8, 1991.

Decided June 17, 1991.

As Amended July 11, 1991.

Jeffrey Lee Starkwater, Asst. Federal Public Defender, Raleigh, N.C., argued (William E. Martin, Federal Public Defender, Raleigh, N.C., on brief), for respondent-appellant.

G. Norman Acker, III, Asst. U.S. Atty., Raleigh, N.C., argued (Margaret Person Currin, U.S. Atty., Eileen G. Coffey, Asst. U.S. Atty., Raleigh, N.C., on brief), for petitioner-appellee.

Before WILKINSON, Circuit Judge, BUTZNER, Senior Circuit Judge, and SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.

SPENCER, District Judge:

This is an appeal from the district court's determination that appellant should be civilly committed pursuant to Title 18 U.S.C. § 4246(a). We agree and affirm.

## I.

Craig O. Copley, appellant, was indicted on August 24, 1988 in the Northern District of New York on two counts of mailing threatening communications to the president[1] and on one count of threatening the life of the president.[2] Copley was arraigned on August 31, 1988. At this hearing, the United States moved to have Copley committed pursuant to 18 U.S.C. § 4241 for the purpose of evaluating his competency to stand trial. Copley was evaluated at the United States Medical Center for Federal Prisoners in Springfield, Missouri. On October 4, 1988, the Warden at Springfield informed the court that it was the opinion of the staff at Springfield that Copley was mentally incompetent to stand trial. The district court thereafter also concluded that Copley was mentally incompetent to stand trial. On December 14, 1988 Copley was committed to Springfield for a four month evaluation period.

After the four month evaluation period, Dr. David F. Mrad reported to the court that in his opinion, Copley was not then suffering from a mental disease or defect that would render him incompetent to stand trial. A second competency hearing was held on May 31, 1989, at which time Copley was found competent to stand trial.

The case against Copley was prepared for trial but on July 28, 1989, the court granted the United States' motion for a second psychiatric evaluation of Copley under 18 U.S.C. § 4242. Subsequently, the parties worked out a tentative plea agreement but on August 4, 1989 Copley withdrew his consent and the United States renewed its motion for a second evaluation of Copley. Copley was sent to the United States Medical Center for Federal Prisoners in Butner, North Carolina for an evaluation of his competency to stand trial and his competency at the time of the alleged crime.

On November 15, 1989, the warden at FCI–Butner notified the court that Copley was competent to stand trial but that at the time of the alleged offense, he was unable to appreciate the nature and the quality or wrongfulness of his actions. The warden at FCI–Butner filed a Certificate of Mental Disease or Defect and Dangerousness with the District Court for the Eastern District of North Carolina on January 24, 1990. The warden stated that it was the institution's opinion that Copley's release would present a substantial threat to others. The

---

1. 18 U.S.C. § 876 (1976). This section makes it a crime for any one to use the postal service to mail any communication to another person which contains a threat to injure the person to whom the letter is addressed.

2. 18 U.S.C. § 871 (1976 & Supp.1991). Section 871(a) makes it a crime to mail to the President of the United States a letter that threatens his life.

warden requested that Copley be incarcerated under 18 U.S.C. § 4246.

At this point, the United States changed tactics and decided to seek the civil commitment of Copley under 18 U.S.C. § 4246. The District Court for the Eastern District of North Carolina was informed that the pending charges against Copley in the federal District Court for the Northern District of New York were going to be dismissed.

On March 27, 1990 the District Court for the Northern District of New York filed an order dismissing the charges against Copley solely for reasons related to his medical condition. Copley filed a motion to rescind the dismissal of the charges pending against him.

A hearing to determine if Copley should be civilly committed was scheduled but it was postponed so that Copley could make a motion to dismiss the proceedings against him for lack of subject matter jurisdiction. Copley during this period sent the Assistant United States Attorney three letters in which he urged the United States to move forward with the 18 U.S.C. § 4246 hearing. On May 18, 1990, the United States' motion to reschedule Copley's commitment hearing was granted. The case reached its conclusion in the district court on June 18, 1990 when the district court found by clear and convincing evidence that Copley should be committed to the custody of the Attorney General under 18 U.S.C. § 4246. Copley appeals this determination.

This Court is asked to address two issues. First, did Copley have a right to a competency hearing pursuant to 18 U.S.C. §§ 4241 and 4247 after the charges against him had been dismissed? Second, did the district court under 18 U.S.C. § 4246 have the subject matter jurisdiction to commit

Copley to the custody of the Attorney General? After considering the record in this case, the applicable law, and hearing oral arguments, we find that the district court's determination was correct, and we affirm.

## II.

█ Copley argues because the warden of FCI–Butner filed a certificate with the New York district court stating that Copley was competent to stand trial, he is entitled to a hearing to determine his competency no matter what procedural posture his case has taken.[3] Copley misreads 18 U.S.C. § 4241(e). The purpose of this statute is to determine if a defendant is competent to stand trial. If there are no pending charges against the defendant, there is no need to determine his competency to stand trial.[4] Accordingly this court dismisses Copley's first argument.

## III.

On January 24, 1990, the warden at FCI–Butner filed a Certificate of Mental Disease or Defect and Dangerousness with the United States District Court for the Northern District of North Carolina. Two months later, on March 27, 1990, the District Court for the Northern District of New York dismissed all charges against Copley. Copley argues that the Eastern District of North Carolina did not have the subject matter jurisdiction to commit him under 18 U.S.C. § 4246 because the pending charges were not dismissed before the Certificate of Mental Disease or Defect and Dangerousness was filed.

The procedural requirements a court must follow when committing a person for a mental defect are provided in 18 U.S.C. § 4246(a). This section provides:

> commitment.... The Court shall hold a hearing, ... to determine the competency of the defendant.
> 18 U.S.C. § 4241(e) (1985).

---

**3.** Copley relies on 18 U.S.C. § 4241(e) which states:

[w]hen the director of the facility in which the defendant is hospitalized ... determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceeding against him and to assist properly in his defense, he shall promptly file a certificate to that effect with the clerk of the court that ordered the

**4.** The executive branch has the sole authority to determine who it will prosecute, *United States v. Nixon*, 418 U.S. 683, 693, 94 S.Ct. 3090, 3100, 41 L.Ed.2d 1039 (1974), and it has decided not to prosecute Copley.

[i]f the director of a facility in which a person is hospitalized certifies that a person ... against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person, is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government.... The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another....

■ A federal district court under section 4246 must take the following steps before it may civilly commit a defendant: the court must determine that there is no available state facility to house the defendant; the defendant must be given notice; and a hearing must be held to determine by clear and convincing evidence if the defendant is dangerous. *See Addington v. Texas,* 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979); *United States v. Baker,* 807 F.2d 1315, 1323 (6th Cir.1986). Each of these requirements was met before Copley was civilly committed. On January 24, 1990, a Certificate of Mental Disease or Defect and Dangerousness was filed with the federal District Court for the Eastern District of North Carolina. By March 27, 1990, the pending charges against Copley had been dismissed solely for reasons related to his mental condition and Copley had received notice that a civil commitment would be sought. On June 18, 1990, an evidentiary hearing was held and it was found by clear and convincing evidence that Copley was dangerous. The district

court also determined that there was no available state facility to house Copley.

■ The procedures that Copley urges this court to adopt [5] would be administratively unrealistic. Although the Certificate of Mental Disease or Defect and Dangerousness was filed on January 24, 1990, two months before all pending charges were dropped, the certificate was renewed in effect on May 18, 1990 when the United States made a motion to reschedule Copley's commitment hearing.

For the foregoing reasons, we find that the district court had the subject matter jurisdiction to civilly commit Copley.

AFFIRMED.

---

5. Copley argues that section 4246 requires that all pending charges against a defendant be

dropped before the Certificate of Mental Disease or Defect and Dangerousness can be filed.