993 F.2d 229
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Craig O. COPLEY, Defendant-Appellant.
 No. 92-6464.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 5, 1993
Decided: April 29, 1993
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-90-47-HC)
 Jeffrey Lee Starkweather, Chapel Hill, North Carolina, for Appellant.
 Eileen G. Coffey, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 Margaret Person Currin, United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 DISMISSED.
 Before WILKINSON, Circuit Judge, BUTZNER, Senior Circuit Judge, and VOORHEES, Chief United States District Judge for the Western District of North Carolina, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Craig O. Copley appeals an order of the District Court for the Eastern District of North Carolina entered April 17, 1992, denying his motion for a hearing to determine whether he should be discharged from the custody of the Attorney General. We dismiss his appeal as moot because of events that occurred after its entry.
 
 
 2
 * Copley was indicted in the Northern District of New York on two counts of mailing threatening communications to the President and one count of threatening the life of the President. He was committed to FCI-Springfield where he was evaluated and determined to be mentally incompetent to stand trial. See 18 U.S.C. § 4241(d). Several months later, Copley was transferred to FCI-Butner for another competency evaluation. Copley was determined to be mentally incompetent at the time of the offense but competent to stand trial. The warden of Butner, however, requested that Copley be held in custody pursuant to 18 U.S.C. § 4246. Accordingly, the government filed a motion for a § 4246 hearing. Meanwhile, the criminal indictment pending in the Northern District of New York was dismissed due to Copley's mental condition.
 
 
 3
 The District Court for the Eastern District of North Carolina held the § 4246 hearing. It found by clear and convincing evidence that Copley suffered from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to others or serious damage to the property of another. Copley was committed to the custody of the Attorney General for care and treatment. This court affirmed the ruling of the district court. United States v. Copley, 935 F.2d 669 (4th Cir. 1991).
 
 
 4
 Several months after the § 4246 hearing, Copley was transferred to FCI-Springfield for care and treatment. While there, he filed a motion with the District Court for the Eastern District of North Carolina for a hearing to determine whether he should be discharged from federal custody. The court denied his motion on April 17, 1992, and Copley filed a timely appeal, which is the subject of this proceeding.
 
 
 5
 On August 13, 1992, while Copley's appeal was pending, the warden of Springfield filed a certificate of discharge with the District Court for the Eastern District of North Carolina. See 18 U.S.C. § 4246(e). On August 27, 1992, the court, pursuant to § 4246(e), conditionally released Copley. He agreed to the conditions, which pertained to his conduct, care, and treatment.
 
 
 6
 Pursuant to the conditions of release, Copley moved to Los Angeles, California. Within two months, however, Copley's probation officer in California reported to the United States Attorney in North Carolina that Copley refused to take all of his medicine, that his mental condition had deteriorated, and that he had threatened violence to a staff member at the institution where he resided. Also, New York state police reported to the probation officer that Copley had made numerous phone calls threatening his ex-wife. On motion of the government, the district court on October 29, 1992, ordered Copley's arrest and recommended that he be returned to FCI-Springfield pending a hearing. The court scheduled the hearing for November 30, 1992, in Raleigh, North Carolina.
 
 
 7
 On motion of the government, and over the objection of Copley, the district court transferred the proceedings to the District Court for the Western District of Missouri for the convenience and best interest of the parties. The court noted that Copley had most recently been treated at FCI-Springfield and that he would likely be housed at this institution if his release were revoked.
 
 
 8
 The District Court for the Western District of Missouri referred the matter to a magistrate judge for a revocation hearing and recommendation. The magistrate judge appointed counsel and conducted a hearing at which Copley appeared and challenged the Missouri district court's jurisdiction, contending that 18 U.S.C.s 4246(f) vests exclusive jurisdiction of a revocation hearing in the District Court for the Eastern District of North Carolina, which initially committed him. The magistrate judge recommended that Copley's jurisdictional challenge be denied. Upon consideration of the medical testimony, he recommended that Copley's conditional release be revoked. The District Court for the Western District of Missouri overruled Copley's exceptions and ordered the revocation of Copley's conditional release. On March 4, 1993, Copley noted a timely appeal to the Court of Appeals for the Eighth Circuit.
 
 II
 
 9
 "[F]ederal courts may adjudicate only actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). A case is rendered moot if it has "lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law." Hall v. Beals, 396 U.S. 45, 48 (1969).
 
 
 10
 Copley's appeal of the order entered April 17, 1992, in the Eastern District of North Carolina is moot because subsequently Copley was released under conditions agreeable to him. He obtained the relief that he sought. Any review of an order based on the situation that existed as of April 17, 1992, would be superfluous because of events that have occurred since then. There is no longer any case or controversy about Copley's right to a hearing and release prior to April 17, 1992.
 
 
 11
 Copley maintains that his appeal is not moot because the denial of relief embodied in the district court's order of April 17, 1992, is "capable of repetition, yet evading review." See Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515 (1910). This exception to the doctrine of mootness applies if "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 149 (1975). Copley fails to meet both aspects of this test. His confinement has not been so short that it could not be contested. On the other hand, if he is released after recovering from his mental illness to the extent stipulated by § 4246(e), he has offered no proof that there is a reasonable expectation that his condition will require further confinement. Cf. Los Angeles v. Lyons, 461 U.S. 95, 109 (1983).
 
 
 12
 Copley has had a full revocation hearing with counsel in the District Court for the Western District of Missouri. His claim that that court lacked jurisdiction and the issue of the revocation of his conditional release are now pending on appeal in the Eighth Circuit. The events that occurred after April 17, 1992, have mooted the order of the District Court for the Eastern District of North Carolina.
 
 
 13
 The appeal is dismissed as moot.
 
 DISMISSED