25 F.3d 1038
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 In Re: Craig O. COPLEY, Petitioner.
 No. 94-8016.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 26, 1994.
Decided June 2, 1994.
 
 On Petition for a Writ of Habeas Corpus.
 Craig O. Copley, Petitioner Pro Se.
 DISMISSED.
 Before HALL, PHILLIPS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Craig O. Copley filed this original habeas corpus petition in this Court challenging the events leading to his current confinement in the United States Medical Center for Federal Prisoners in Springfield, Missouri. Because this Court lacks jurisdiction over this petition, we dismiss.
 
 
 2
 Copley was indicted in 1988 in the Northern District of New York on two counts of mailing threatening communications to the President and one count of threatening the President. Pursuant to 18 U.S.C. Sec. 4241 (1988), he was ordered to undergo a psychiatric evaluation to determine his competency to stand trial. At the United States Medical Center for Federal Prisoners in Springfield, Missouri, doctors concluded he was mentally incompetent to stand trial. In August 1989, he was sent to the Federal Correctional Institution in Butner, North Carolina ("FCI-Butner") for a second psychiatric evaluation. Doctors there found Copley mentally incompetent at the time of the offenses, but competent to stand trial. Meanwhile, the criminal charges in New York were dismissed without prejudice due to Copley's mental condition, but the government filed a motion in federal district court in the Eastern District of North Carolina for an 18 U.S.C.A. Sec. 4246 (West 1985 & Supp.1994) hearing. A district judge in the Eastern District of North Carolina found that Copley had a mental disease or defect that, if he was released, would create a substantial risk of harm to others or to property.
 
 
 3
 Months later, the district court in the Eastern District of North Carolina transferred Copley to the United States Medical Center for Federal Prisoners in Springfield, Missouri. On August 27, 1992, the court conditionally released Copley.
 
 
 4
 In October 1992, on the government's motion, the Eastern District of North Carolina ordered Copley arrested because he had violated the terms of release by refusing to take all his medicine and was threatening people. Copley was confined at the United States Medical Center for Prisoners in Springfield, Missouri. The court scheduled a hearing in Raleigh, North Carolina, for November 30, 1992. On the government's motion and over Copley's objections, the court transferred the proceedings to the Western District of Missouri, where Copley was confined. A magistrate judge there recommended revoking Copley's conditional release. The district court for the Western District of Missouri adopted the recommendation and Copley timely appealed to the Eighth Circuit Court of Appeals where a decision is pending.
 
 
 5
 On March 16, 1994, Copley filed this original habeas corpus action in this Court challenging the events leading to his current confinement and seeking release from confinement. Because Copley is challenging his federal detention and it does not stem from a federal sentence, his action is characterized as a 28 U.S.C. Sec. 2241 (1988) habeas corpus petition. We dismiss Copley's petition for two reasons. First, this Court ordinarily does not entertain original habeas corpus petitions. Fed. R.App. P. 22(a). Second, in any event, this Court would not have jurisdiction to entertain this petition because Copley's custodian is in Missouri. Copley's remedy would be to file aSec. 2241 action in the district where his custodian is located. See United States v. Miller, 871 F.2d 488, 490 (4th Cir.1989); see also Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 496 (1973) (Sec. 2241 petitions typically heard by court having jurisdiction over petitioner's custodian).
 
 
 6
 For these reasons, we deny Copley's application to proceed in forma pauperis and dismiss his petition.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 DISMISSED.
 
 
 
 *
 We deny Copley's motion to compel "Respondents-Defendants" to respond to his petition