**Wayne Carl NICOLAISON, Appellant,**

v.

**William ERICKSON, Dr., Appellee.**

**No. 94–3691.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 16, 1995.

Decided Sept. 7, 1995.

Virginia G. Vila, Minneapolis, MN, argued, for appellant.

Gayle C. Hendley, Minneapolis, MN, argued (Michael O. Freeman, Hennepin County Attorney, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, JOHN R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.

FAGG, Circuit Judge.

Wayne Carl Nicolaison seeks habeas relief from his civil commitment under Minnesota's sexual predator ("psychopathic personality") statutes, Minn.Stat. §§ 526.09–.10 (1990) (repealed 1994). We affirm the district court's denial of Nicolaison's habeas petition.

After Nicolaison entered a woman's residence and sexually assaulted her at knifepoint in 1980, he pleaded guilty to a sexual offense in Minnesota state court and was imprisoned. A few weeks after his release on parole, Nicolaison grabbed a woman on the street in an apparent attempt to assault her and his parole was revoked. Ten weeks after his next parole, Nicolaison followed a woman off a bus, abducted her at knifepoint, took her to a wooded area, cut off part of her clothing with the knife, threatened to kill her, and sexually assaulted her. Nicolaison also pleaded guilty to a Minnesota sexual offense for this assault. While imprisoned, Nicolaison was disciplined several times for sexually harassing female prison staff. He also imagined an intimate romantic relationship with a married female prison guard. Three years after the guard left her prison job, Nicolaison sent her several letters professing his love and threatening her, in disregard of orders not to contact her. As Nicolaison's release from prison approached, the State sought to commit Nicolaison to a mental institution under Minn.Stat. §§ 526.09–.10. A Minnesota state court committed Nicolaison, the Minnesota Court of Appeals affirmed the commitment, and the Minnesota Supreme Court denied review. Nicolaison then brought this federal habeas action asserting his commitment violates substantive due process.

Section 526.10 of the Minnesota Statutes provides for the civil commitment of any person found to be a psychopathic personality. Section 526.09 defines "psychopathic personality" as "the existence in any person of such conditions of emotional instability, or impulsiveness of behavior, or lack of customary standards of good judgment, or failure to appreciate the consequences of [personal] acts, or a combination of any such conditions, as to render such persons irresponsible for [personal] conduct with respect to sexual matters and thereby dangerous to other persons." Soon after the statutes' enactment, the Minnesota Supreme Court narrowly construed the statutes as only applying to persons who display: (1) a "habitual course of misconduct in sexual matters" and (2) "an utter lack of power to control their sexual impulses" so that (3) the persons will likely "attack or otherwise inflict injury, loss, pain or other evil on the objects of their uncontrolled and uncontrollable desire." *State ex rel. Pearson v. Probate Court of Ramsey County*, 205 Minn. 545, 287 N.W. 297, 302 (1939), *aff'd*, 309 U.S. 270, 60 S.Ct. 523, 84 L.Ed. 744 (1940); *see In re Linehan*, 518 N.W.2d 609, 613 (Minn.1994) (en banc) (explaining three *Pearson* requirements).

Minnesota's psychopathic personality statutes have withstood many constitutional challenges. The Minnesota Supreme Court in *Pearson* held the statutes are not unconstitutionally vague under the court's narrowing construction. *Pearson*, 287 N.W. at 302–03.

The United States Supreme Court affirmed, and also rejected an equal protection challenge. 309 U.S. at 273–74, 60 S.Ct. at 525–26. More recently, the Minnesota Supreme Court held the statutes as construed in *Pearson* do not violate substantive due process. *In re Blodgett,* 510 N.W.2d 910, 914–16 (Minn.) (en banc), *cert. denied,* —— U.S. ——, 115 S.Ct. 146, 130 L.Ed.2d 86 (1994). We have also confirmed the statutes' facial constitutionality. *Bailey v. Gardebring,* 940 F.2d 1150, 1153 (8th Cir.1991), *cert. denied,* 503 U.S. 952, 112 S.Ct. 1516, 117 L.Ed.2d 652 (1992).

Nicolaison concedes that as construed in *Pearson,* Minnesota's psychopathic personality statutes are constitutional, but Nicolaison contends the statutes' application to him violates substantive due process because his committing court did not follow the *Pearson* construction. Specifically, Nicolaison contends the committing court did not find he had "an utter lack of power to control [his] sexual impulses," as *Pearson* requires.

We conclude the committing court properly applied *Pearson.* In accordance with an examining psychologist's expert testimony at Nicolaison's commitment hearing, the court concluded Nicolaison met the statutory definition of a psychopathic personality. The court found Nicolaison is emotionally unstable, lacks the customary standards of good judgment with respect to sexual matters, has a significant potential to reoffend, and continues to present a danger to society because of his aggressive sexual inclinations. Besides noting Nicolaison's sexual harassment of prison staff and his delusions about having an intimate relationship with the married guard, the court noted Nicolaison has no insight into his criminal misconduct and no sense of guilt or remorse. In an examination performed for the commitment hearing, Nicolaison told a psychologist that he thought one of the rapes helped the victim's reputation because he was known in the area as a "ladies' man," and the other assault was not rape because the victim "wasn't so ... good" and Nicolaison did not enjoy it. In a later order, the court also found Nicolaison's history of hostile, violent, and aggressive behavior toward women shows he poses a substantial likelihood of causing physical harm to others.

Although the court did not refer to the *Pearson* requirements in its commitment decision, the court quoted from *Pearson* in a memorandum attached to the decision and noted Nicolaison's conduct in prison shows Nicolaison is subject to impulsive sexual behavior. In our view, a finding that Nicolaison lacked control over his aggressive sexual inclinations is at least implicit in the committing court's decision, and Nicolaison's behavior while incarcerated supports a finding that he lacks power to control his sexual impulses, *cf. Linehan,* 518 N.W.2d at 612, 614 (reversing commitment where finding of uncontrollability unsupported by either expert testimony or behavior in prison). We conclude the statutes' application in Nicolaison's case does not violate substantive due process.

Having reviewed the constitutionality of Nicolaison's state confinement de novo, we affirm the district court's denial of Nicolaison's habeas petition. We deny Nicolaison's motion to strike the State's appendix for including a document allegedly outside the record: the committing court's two-page memorandum quoting from *Pearson.* The memorandum is part of Nicolaison's commitment order and we may properly consider it as part of the record.