UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Petitioner-Appellee,

v.                                                              No. 97-6505

GLEN SHARKANY,
Respondent-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CR-97-51-5-BR)

Argued: December 4, 1997

Decided: January 20, 1998

Before WILKINSON, Chief Judge, and ERVIN and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** George Alan DuBois, Assistant Federal Public Defender,
Raleigh, North Carolina, for Appellant. Michael David Bredenberg,
Special Assistant United States Attorney, Raleigh, North Carolina, for
Appellee. **ON BRIEF:** William Arthur Webb, Federal Public
Defender, Raleigh, North Carolina, for Appellant. Janice McKenzie
Cole, United States Attorney, Anne M. Hayes, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Glen Sharkany appeals a district court order committing him to the custody of the Attorney General pursuant to 18 U.S.C. § 4246. Section 4246 authorizes the civil commitment of an individual whose prison sentence is due to expire if a "court finds by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(d). Finding no clear error in the district court's conclusion, we affirm.

I.

In January 1993, Sharkany threatened the President-Elect of the United States. In September 1995, Sharkany, at that time serving a state sentence in Connecticut on other charges, pled guilty to this offense. Sharkany received a sentence of thirty-seven months imprisonment, to run concurrent with his state sentence, followed by thirty-six months of supervised release. On January 31, 1997, the United States, pursuant to 18 U.S.C. § 4245, petitioned for a hearing to determine Sharkany's present mental condition and whether he should be committed for treatment for the remainder of his prison sentence. Officials at the Federal Correctional Institute in Butner, North Carolina ("FCI-Butner"), where Sharkany then was serving his sentence, realized that he was due to be released from prison at the end of February 1997. The government therefore submitted a"certificate of mental disease or defect and dangerousness" from the warden at FCI-Butner, pursuant to 18 U.S.C. § 4246, to consider whether Sharkany should be committed to the custody of the Attorney General upon expiration of his prison term.

On February 10, 1997, the district court held a hearing on both the section 4245 and the section 4246 motions. The court heard testimony

2

from Dr. Bryon Herbal, a staff psychiatrist at FCI-Butner. Based on his review of Sharkany's mental health records, interviews with Sharkany and his family, and psychological tests of Sharkany, Herbal concluded that Sharkany presently suffered from several mental disorders and should not be released. Dr. Billy Royal submitted a psychological evaluation of Sharkany, previously ordered by the court pursuant to 18 U.S.C. § 4247. In his report, Dr. Royal diagnosed Sharkany with several mental disorders and expressed concern about Sharkany's present ability to function in society. Sharkany also testified on his own behalf.

At the close of the hearing, the court committed Sharkany to the custody of the Attorney General pursuant to both section 4245 and section 4246. Since the district court entered this order, Sharkany's prison sentence has expired, rendering moot any challenge to his section 4245 commitment. On appeal, Sharkany challenges only his section 4246 commitment.

II.

Sharkany does not contest the district court's conclusion that he presently suffers from a mental disease or defect. Instead, he maintains that he does not, as a result of his illness, pose a substantial risk of danger to others or their property. We reject Sharkany's contentions and find no error in the district court's decision.

In order to commit an individual pursuant to section 4246, a court must find by clear and convincing evidence that the individual is (1) presently suffering from a mental disease or defect and (2) as a result of such disease or defect his release would pose a substantial risk of bodily injury to another or serious damage to another's property. 18 U.S.C. § 4246(d).* We review a district court's order under this pro-

_____

*The director of the federal facility in which a mentally ill defendant is hospitalized must certify, among other things, that "suitable arrangements for State custody and care of the person are not available." 18 U.S.C. § 4246(a). Sharkany does not challenge the sufficiency of the certification in this case, and we have no reason to address that subject. Cf. United States v. Copley, 935 F.2d 669, 672 (4th Cir. 1991) (noting that

3

vision for clear error. United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992).

Sharkany challenges the district court's finding that he posed a danger to others or their property. Ample evidence, however, supported the district court's conclusion that Sharkany was dangerous. At Sharkany's hearing, Dr. Herbal testified about Sharkany's extensive history of violent behavior. For example, Sharkany had assaulted police officers on several occasions and threatened to kill a judge and other law enforcement officials. Dr. Herbal also related accounts of incidents since Sharkany has been at FCI-Butner. For example, Sharkany has ripped metal desks from their wall mounts, torn up sheets and mattresses in an attempt to hang himself, and broken various restraints including handcuffs and leg irons. These incidents provided the district court with sufficient evidence of Sharkany's dangerousness. Id. at 1433.

Sharkany urges that any risk of dangerousness is slight because the conditions of his supervised release require him to undergo a mental health counseling program. The district court was aware of the conditions of Sharkany's supervised release and was entitled to weigh that evidence along with the expert medical testimony about Sharkany's potential dangerousness and his history of failing to take his medication.

Finally, Sharkany alleges that, even if his past behavior demonstrates a risk of dangerousness, the government failed to show a nexus between that behavior and Sharkany's mental illness. Section 4246, however, does not require proof of a connection between these prior incidents and mental illness but only proof of present dangerousness as a result of a mental disease or defect. The district court properly considered both expert medical opinions and Sharkany's history of violence to conclude that Sharkany presently posed a danger because

_____

there must be "no available state facility to house the defendant"); S. Rep. No. 225, 98th Cong., 1st Sess. 250-54 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3432-36 (section 4246 is to "be used only in those rare circumstances where . . . there are no State authorities willing to accept [the defendant] for commitment").

4

of his mental illness. Its conclusion was not clear error. <u>United States v. Ecker</u>, 30 F.3d 966, 970-71 (8th Cir. 1994); <u>Cox</u>, 964 F.2d at 1433.

III.

For the foregoing reasons, we affirm the order of the district court.

<u>AFFIRMED</u>

5