# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3744

_____

Craig O. Copley,

        Appellant,

        v.

P. W. Keohane, Warden, United States
Medical Center for Federal Prisoners,

        Appellee.

Appeal from the United States
District Court for the
Western District of Missouri.

_____

Submitted:  May 12, 1998
Filed:  July 23, 1998

_____

Before BOWMAN, Chief Judge, HEANEY, and HANSEN, Circuit Judges.

_____

BOWMAN, Chief Judge.


Craig O. Copley appeals from the judgment of the District Court dismissing his petition for a writ of habeas corpus.  We dismiss the appeal.


Copley originally was charged in 1988 in the United States District Court for the Northern District of New York with mailing threatening communications to and threatening the life of the President.  Copley was committed to the United States Medical Center for Federal Prisoners (Federal Medical Center or FMC) in Springfield,

Missouri, for an evaluation of his competence. The staff there found him incompetent to stand trial, and he remained at the FMC in Springfield until May 1989 when he was determined to be competent to stand trial. Before he could be brought to trial, however, the government sought a second mental evaluation, for which Copley was sent to the Federal Medical Center in Butner, North Carolina.

In November, the warden of the FMC in Butner reported to the court that Copley was competent to stand trial, but that he was suffering from a mental disease or defect at the time of the alleged crimes. The government sought civil commitment of Copley under 18 U.S.C. § 4246 in the District Court for the Eastern District of North Carolina, and moved to dismiss the pending charges in the Northern District of New York. In March 1990, the District Court for the Northern District of New York dismissed the criminal charges against Copley "solely for reasons related to [his] medical condition," 18 U.S.C. § 4246(a), and in June 1990 the District Court for the Eastern District of North Carolina civilly committed Copley to the custody of the United States Attorney General. Copley appealed and the Fourth Circuit Court of Appeals affirmed. See United States v. Copley, 935 F.2d 669 (4th Cir. 1991).

Within a few months after the § 4246 hearing, Copley was returned to the FMC in Springfield for treatment. He sought to be discharged from federal custody, filing his motion in the Eastern District of North Carolina. The motion was denied, and Copley appealed.[1] Before the appeal was decided, the warden of the FMC in Springfield filed a certificate of discharge with the District Court for the Eastern District of North Carolina and the court conditionally released Copley. See 18 U.S.C. § 4246(e)(2). Soon after, Copley was in trouble in California, where he was residing, for violating the conditions of his release, and also had run afoul of authorities in New

---

[1]The Fourth Circuit eventually dismissed the appeal as moot because of Copley's subsequent conditional release, detailed infra. See United States v. Copley, No. 92-6464, 1993 WL 134612 (4th Cir. Apr. 29, 1993) (per curiam) (unpublished).

York for making threatening telephone calls to his former wife there. The district court in North Carolina ordered his arrest and recommended his return to the FMC in Springfield. The government then moved to transfer those proceedings from North Carolina to the United States District Court for the Western District of Missouri, and that motion was granted. The district court in Missouri ordered revocation of Copley's conditional release, and we vacated and remanded for retransfer of the case to North Carolina. See United States v. Copley, 25 F.3d 660, 662 (8th Cir. 1994). About the same time (two days later), the Fourth Circuit dismissed an original habeas corpus petition Copley had filed with that court. The court dismissed the petition because it "ordinarily does not entertain original habeas corpus petitions" and "because Copley's custodian is in Missouri." In re Copley, No. 94-8016, 1994 WL 235335, at *1 (4th Cir. June 2, 1994) (per curiam) (unpublished). The court said that "Copley's remedy would be to file a [28 U.S.C.] § 2241 action in the district where his custodian is located." Id.

In March 1995, the district court in North Carolina revoked Copley's conditional release, and the Fourth Circuit affirmed in January 1996. In July 1996, the district court in North Carolina dismissed the petition Copley filed with that court under 28 U.S.C. § 2241 for lack of jurisdiction.[2] The court said: "Although this court does not have jurisdiction to entertain Petitioner's habeas corpus petition, it does retain jurisdiction over the continuing validity of Petitioner's commitment." Copley v. Kechane [sic], No. 5:96-HC-523-BR(3), order at 2 (E.D.N.C. July 22, 1996). In August of the same year, Copley was conditionally released again, but the release was revoked in February 1997 because Copley once more had violated the conditions of his release. In September 1997, the United States District Court for the Northern District of New York construed papers Copley filed with that court as a habeas petition and

---

[2]The court noted that a habeas petition Copley filed in the Western District of Missouri recently had been dismissed without prejudice in May 1996.

denied it for lack of jurisdiction, among other reasons, as Copley was in custody, once again, at the FMC in Springfield.

We finally arrive at the procedural history of the present case, a 28 U.S.C. § 2241 habeas petition filed with the United States District Court for the Western District of Missouri in May 1997. In August, the court dismissed the petition without prejudice, accepting the recommendation of the magistrate judge to whom the case had been referred. We granted a certificate of appealability on two issues: (1) the validity of the court's holding that Copley was required to exhaust the administrative remedies of the Bureau of Prisons before seeking habeas relief, and (2) whether Copley's pleadings alleging that he is entitled to discharge because he is not presently dangerous could survive a motion to dismiss.

On May 12, 1998, we heard oral argument in the case and asked the government to furnish us with information regarding the status of the government's efforts to place Copley in an appropriate state facility. Pursuant to that request, the government has provided us with a copy of an order of conditional release issued by the District Court for the Eastern District of North Carolina on May 19, 1998. According to that order, Copley was to be released to a specified care center in Lake Charles, Louisiana, under the supervision of the United States Probation Office for the Western District of Louisiana. We are informed by the government that the order was implemented on June 8, 1998, and that Copley now resides in the care center in Louisiana.

Copley thus is no longer in the custody of P.W. Keohane, the warden of the FMC in Springfield and the respondent here. He is under the supervision of a federal probation office in Louisiana, and the federal court in North Carolina has retained jurisdiction over his civil commitment. Copley's release is not unconditional and could be revoked at any time by the court in North Carolina. But at this time Copley is not in the custody of anyone over whom we have jurisdiction, so there is no entity that we can order to effect Copley's release should the writ issue. The case thus is moot and

we will not consider Copley's appeal.  See Jones v. Cunningham, 371 U.S. 236, 241 (1963) ("[W]hen the petitioner was placed on parole, his cause against the Superintendent of the Virginia State Penitentiary became moot because the superintendent's custody had come to an end, as much as if he had resigned his position with the State."); United States ex rel. Innes v. Crystal, 319 U.S. 755 (1943) (denying certiorari "on the ground that the cause is moot, it appearing that petitioner no longer is in respondent's custody").

It is true that, if a district court has proper jurisdiction when a habeas petition is filed, as is the case here, a subsequent transfer of the prisoner will not defeat habeas jurisdiction, but only "so long as an appropriate respondent with custody remain[s]" in the district.  Jones, 371 U.S. at 243-44 (citing Ex parte Endo, 323 U.S. 283, 304-07 (1944)); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973).  But no respondent other than Keohane is named[3] and, as we have said, Copley is no longer in the custody of Keohane.  We realize that Copley has been on conditional release before and has not been able to maintain that status, and so it is possible that he will be returned to the custody of the warden at the FMC in Springfield in the future.  Still, we do not think this is a case that, although moot, can be considered by the Court on the theory that it is capable of repetition yet evading review.  This "doctrine applies only in exceptional situations."  Spencer v. Kemna, 118 S. Ct. 978, 988 (1998) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983)).  Notwithstanding his history, Copley cannot demonstrate that there is a "reasonable likelihood," id., that his conditional release will be revoked and, if it is revoked, that he will be returned to the custody of the warden at the FMC in Springfield.

---

[3]The parties refer to respondent in their case caption as Keohane "et al." but we have been unable to locate a pleading wherein anyone other than Keohane is named as respondent.  The docket sheet in this Court shows Keohane as the sole respondent.

The appeal is dismissed as moot. The District Court's order and judgment are vacated and the case is remanded with instructions to dismiss the petition. Copley's motion to expedite the appeal is denied as moot.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.