# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1763

_____

In re: Craig O. Copley,　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　*
　　　　　　Petitioner.　　　　　　　　　*

_____

No. 01-2356

_____

Craig O. Copley,　　　　　　　　　　　　*　　　　　　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　　　　*
　　　　　　Appellant,　　　　　　　　　 *
　　　　　　　　　　　　　　　　　　　　*
　　　　v.　　　　　　　　　　　　　　　 *
　　　　　　　　　　　　　　　　　　　　*
Bill Hedrick, Warden, United States　　　 *
Medical Center for Federal Prisoners,　　　*
　　　　　　　　　　　　　　　　　　　　*
　　　　　　Appellee.　　　　　　　　　　*

Petition for Writ of Mandamus and
Appeal from the United States
District Court for the
Western District of Missouri

_____

Submitted:　October 30, 2001

Filed:　January 25, 2002

_____

Before McMILLIAN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Craig O. Copley appeals from the final judgment entered in the District Court[1] for the Western District of Missouri, dismissing without prejudice Copley's habeas petition, wherein he challenged his commitment under 18 U.S.C. § 4246. This appeal has been consolidated with a related petition for a writ of mandamus, wherein Copley sought an expedited ruling on his habeas petition. For the reasons discussed below, we affirm the denial of habeas relief and deny as moot the mandamus petition.

A person, like Copley, against whom all criminal charges were dismissed for reasons related solely to his mental condition, may be hospitalized indefinitely if he is found to be suffering from a mental disease or defect such that his release would be dangerous. See 18 U.S.C. § 4246; United States v. Copley, 935 F.2d 669, 670-72 (4th Cir. 1991) (affirming district court's 1990 civil commitment order pursuant to dangerousness finding). In this proceeding, Copley, who recently declined to be released conditionally, argued he was entitled to be released unconditionally, primarily because of the duration of his civil commitment, the fact that he had qualified for conditional discharge on several prior occasions, and the circumstances surrounding his 1988 indictment and 1990 commitment. Having carefully reviewed the record de novo, we, like the district court, find no support for Copley's assertion that he is entitled to be released unconditionally. See 18 U.S.C. § 4246(d), (e) (providing for hospitalization for treatment until State will assume responsibility, or until person's mental condition is such that "his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment" would not create a substantial risk of dangerousness, whichever occurs earlier); Nicolaison v. Erickson, 65 F.3d 109, 111 (8th Cir. 1995) (reviewing de novo constitutionality of habeas petitioner's state civil commitment), cert. denied, 516 U.S. 1125 (1996); United States v. Evanoff, 10 F.3d 559, 563 (8th Cir. 1993) (involuntary

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

commitment under terms of § 4246 does not violate due process); <u>Irwin v. Wolff</u>, 529 F.2d 1119, 1124 (8th Cir. 1976) (duration of civil commitment, which is subject to periodic review, is not indication of cruel and unusual punishment). We note that the government is under an ongoing obligation to prepare annual reports concerning Copley's mental condition and the need for his continued hospitalization, <u>see</u> 18 U.S.C. § 4247(e)(1)(B), and to exert reasonable efforts to place Copley in a suitable state facility, <u>see</u> 18 U.S.C. § 4246(d).

Accordingly, we affirm the judgment of the district court and deny as moot Copley's petition for a writ of mandamus. We deny any pending motions.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.