**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-7007**

UNITED STATES OF AMERICA,

              Petitioner – Appellee,

         v.

RAY E. COMBS,

              Respondent – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:07-hc-02220-BR)

Submitted:  March 26, 2009            Decided:  May 15, 2009

Before MICHAEL, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Jane E. Pearce, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Neal I. Fowler, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ray E. Combs appeals the district court's order of civil commitment pursuant to 18 U.S.C. § 4246 (2006). Combs argues that the district court erred in finding that it had jurisdiction to commit him pursuant to § 4246 because the indictment against him was dismissed without explicitly stating that the dismissal was "solely for reasons related to [his] mental condition." Combs also argues that the Government did not present clear and convincing evidence that his release would pose a substantial risk because the evidence only indicated there is a chance that he might engage in dangerous conduct if he were to be released. We affirm.

We review de novo the denial of a motion to dismiss for lack of jurisdiction. Puryear v. County of Roanoke, 214 F.3d 514, 517 (4th Cir. 2000). The procedural requirements a court must follow when committing a person for a mental defect are provided in § 4246(a). A district court must take the following steps under § 4246 before civilly committing a defendant: (1) determine there is no state facility available to house the defendant; (2) give the defendant notice; and (3) hold a hearing to determine if the defendant is dangerous based upon clear and convincing evidence. United States v. Copley, 935 F.2d 669, 672 (4th Cir. 1991). Each of these requirements was met before Combs was civilly committed.

2

Combs received notice of the proceeding when the Government filed a certificate of mental disease or dangerousness in December 2007. Further, he was previously aware that he would be subject to a court's determination pursuant to § 4246, as evidenced by his July 2007 request for dismissal of the indictment, which acknowledged that he would be subject to § 4246. Both Combs and the Government sought dismissal of the indictment because mental evaluations indicated that he was not competent to stand trial and was not likely to regain competence in the foreseeable future. Thus, it is abundantly clear the district court's dismissal of the indictment pending against Combs was based upon his mental status, despite its failure to employ the phrasing that the dismissal was "solely for reasons related to his mental condition." The remaining procedural requirements necessary to support a civil commitment were also satisfied. Following an evidentiary hearing, the district court found by clear and convincing evidence that Combs was dangerous. The district court also determined that there was no available state facility to house Combs.

We also find that the district court's decision was amply supported by the evidence. We review the factual determination that a civil commitment order under § 4246 is warranted for clear error. United States v. Cox, 964 F.2d 1431,

3

1433 (4th Cir. 1992). The evaluation prepared for the Government agreed with Combs' independent psychiatric evaluation that he suffers from severe schizophrenia and his release would pose a substantial risk. Combs did not present any evidence to dispute these evaluations other than an acknowledgement that he has not posed a substantial risk while confined in an institution and has not acted out any of his violent thoughts while he has been institutionalized. Combs' satisfactory institutional adjustment, however, does not render clearly erroneous the district court's finding that Combs would pose a substantial risk if he were to be released.

For the foregoing reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4