**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7492**

UNITED STATES OF AMERICA,

Petitioner - Appellee,

v.

DALTONIA DUNCAN,

Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:17-hc-02135-BR)

Submitted: September 27, 2018                    Decided: October 16, 2018

Before KING and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Greensboro, North Carolina, Jennifer C. Leisten, Research & Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Joshua B. Royster, Chief, Civil Division, Genna D. Petre, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daltonia Duncan appeals the district court's order committing him to the custody of the Attorney General pursuant to 18 U.S.C. § 4246 (2012). On appeal, Duncan argues that the district court erred by not finding that suitable arrangements for state custody and care were unavailable. For the reasons that follow, we affirm.

Because Duncan did not raise this issue below, we review only for plain error. *See United States v. Heyer*, 740 F.3d 284, 289 (4th Cir. 2014). To establish plain error, Duncan must demonstrate "(1) that the district court erred, (2) that the error was plain, and (3) that the error affected his substantial rights." *United States v. Cohen*, 888 F.3d 667, 685 (4th Cir. 2018). Even if Duncan satisfies these requirements, we should not notice the error unless it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation and internal quotation marks omitted).

Before civilly committing a defendant under § 4246, the district court "must determine that there is no available state facility to house the defendant; the defendant must be given notice; and a hearing must be held to determine by clear and convincing evidence if the defendant is dangerous." *United States v. Copley*, 935 F.2d 669, 672 (4th Cir. 1991). Although the warden of the medical facility in which Duncan was housed certified, pursuant to § 4246(a), that suitable arrangements for state custody were not available, the district court did not make a finding in this regard. Nevertheless, because Duncan has not shown that this omission impacted the outcome of the proceedings, we conclude that he has failed to establish that the error affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*