# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1136
_____

United States of America

*Plaintiff - Appellee*

v.

Unique Cabines

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: August 5, 2020
Filed: August 11, 2020
[Unpublished]
_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Unique Cabines was found to be incompetent to stand trial in the Southern District of New York for a criminal charge of being a felon in possession of a firearm, and was transferred to the United States Medical Center for Federal Prisoners

(MCFP) in Springfield, Missouri, for further evaluation.[1] He was ultimately restored to competency, pleaded guilty to the firearm charge, served a prison sentence, and was released from prison. His supervised release was revoked soon thereafter because he violated the conditions of release, and while serving his resulting prison sentence, his mental health deteriorated, and he was transferred back to MCFP, where he remains confined for treatment, for further evaluation. The government filed a petition seeking civil commitment under 18 U.S.C. § 4246, which provides for the hospitalization of a person who is found to be suffering from a mental disease or defect such that his release would create a substantial risk of bodily injury to another person or serious damage to the property of another.

Prior to the district court's hearing on the petition, a MCFP Risk Assessment Panel filed a report discussing Cabines's history of mental illness and aggressive behaviors, and recommending civil commitment. The district court granted Cabines's motion for evaluation by an independent psychological examiner, who concurred the need for civil commitment. After a hearing at which Cabines refused to testify, but insisted he did not have any psychological issues despite his documented history, the district court found the government had established by clear and convincing evidence that Cabines is suffering from a mental disease or defect such that his release would create a substantial risk of bodily injury or serious property damage, and committed him to the custody of the Attorney General pursuant to § 4246. Cabines appeals. Counsel filed a brief arguing that the evidence was insufficient, and repeating Cabines's contention that the civil commitment violated his First, Fifth, Eighth, and Twelfth Amendment rights.

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri.

Having reviewed for clear error the district court's factual determinations, see United States v. Williams, 299 F.3d 673, 676-78 (8th Cir. 2002) (standard of review), we affirm. The district court's findings are supported by the unanimous and unrefuted medical opinions of the MCFP mental health professionals and defense counsel's independent psychological examiner, whose reports established that Cabines has a mental disease or defect; that his pattern of dangerous behavior is related to his mental condition; and that hospitalization is warranted, as he has a history of aggressive and threatening behaviors, a significant lack of insight into his mental illness, a persistent refusal to take psychiatric medication or adhere to conditions of supervised release, and no support system. See United States v. LeClair, 338 F.3d 882, 885 (8th Cir. 2003); United States v. Ecker, 30 F.3d 966, 970 (8th Cir. 1994). We further conclude that Cabines has not stated any colorable or cognizable constitutional claims. See, e.g., In re Copley, 23 Fed. Appx. 638, 639 (8th Cir. 2002) (unpublished per curiam); United States v. Evanoff, 10 F.3d 559, 563 (8th Cir. 1993).[2]

The government submitted evidence that the Attorney General has been unable to find appropriate state officials who would assume responsibility for Cabines's custody and treatment, and we note that the Attorney General is under a continuing obligation to exert reasonable efforts to place Cabines in a suitable state facility, and that Cabines's custodians must prepare annual reports concerning his mental

---

[2] Cabines's brief cites to Anders v. California, 386 U.S. 738 (1967); however, both Anders and Penson v. Ohio, 488 U.S. 75 (1988), are inapplicable when the right to counsel is statutory rather than constitutional. See Penson, 488 U.S. at 82-87. See also Pennsylvania v. Finley, 481 U.S. 551, 554-55 (1987) (Anders framework is relevant only when litigant has constitutional right to counsel); United States v. Veltman, 9 F.3d 718, 721 (8th Cir. 1993) (right to counsel in civil commitment proceeding is statutory). Although we have accepted counsel's brief this time, in the future counsel shall file a fully argued brief on the merits consistent with her statutory appointment, bearing in mind the ethical obligations imposed by the applicable codes of conduct.

condition and the need for continued commitment. <u>See</u> 18 U.S.C. §§ 4246(d) and 4247(e)(1)(B).

Accordingly, the judgment is affirmed, and counsel's motion to withdraw is granted.

STRAS, Circuit Judge, concurring in the judgment.

_____